2-19-08

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MARVIN THURSTON LITTLE,**     **PETITIONER**

**V.**     **NO. 3:04CR0079-GHD**

**UNITED STATES OF AMERICA,**     **RESPONDENT**

### MEMORANDUM OPINION

Presently before the court is Marvin Little's, a *pro se* federal inmate, § 2255 motion in which he is seeking to vacate or reduce his sentence. Having reviewed the petition, the court finds that the motion is not well taken and shall be denied.

*A. Background*

On June 30, 2005, following a plea bargain, Petitioner was sentenced to 36 months incarceration followed by five years of supervised release. On June 19, 2006, Petitioner filed this motion to vacate, his sentence arguing that his poor health and age requires the court to reduce his sentence.

*B. Discussion*

Once a sentence of imprisonment has been imposed, the court's authority to reduce or modify the sentence is limited. *U.S. v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994). A district court is authorized to modify a previously imposed sentence (1) when the court receives a motion from the director of the Bureau of Prisons indicating there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure the district court may correct an arithmetical, technical or other clear error identified in a previously imposed sentence within seven days after the imposition of the sentence; (3) pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure the government may motion for reduction when a

defendant has provided substantial assistance; and (4) when a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582.

None of these circumstances are applicable in this case. Additionally, though there were no arithmetical errors, any technical miscalculation should have been corrected. *See United States v. Gonzalez*, 163 F.3d 255, 264 (5th Cir. 1998). Therefore, Petitioner's § 2255 motion is meritless. Finally, while this motion was pending, Petitioner was released from confinement on August 2, 2007. His release also renders these claims moot. *See Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).

*C. Conclusion*

Consistent with the foregoing discussion Petitioner's § 2255 motion shall be denied in all respects.

A final judgment in accordance with this opinion will be entered.

THIS the __19th__ day of February, 2008.

                                                 /s/ Senior Judge